UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY, an Illinois corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>GORDON TRUCKING, INC., a Washington corporation, and DOES 1 through 10,<br><br>             Defendants. | Case No.: 09-CV-05441-LHK<br><br>ORDER GRANTING GORDON TRUCKING INC.'S MOTION TO VOLUNTARILY DISMISS ITS CLAIMS AGAINST AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY |
| GORDON TRUCKING, INC., a Washington corporation, and DOES 1 through 10,<br><br>             Counterclaimants,<br><br>      v.<br><br>COLUMBIA CASUALTY COMPANY, an Illinois corporation; AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an Alaska corporation; GREAT WEST CASUALTY COMPANY, a Nebraska corporation; and DOES 1 through 10,<br><br>             Counterdefendants. | |

On April 20, 2010, Defendant and Counterclaimant Gordon Trucking, Inc. ("Gordon Trucking") moved to dismiss its claims against American International Specialty Lines Insurance

1

Company ("American International").  Dkt. No. 44 ("Def.'s Mot.").  Plaintiff, Counterdefendant, and Crossdefendant Columbia Casualty Company ("Columbia Casualty") opposes the unconditional dismissal of Gordon Trucking's claims against American International.  Dkt. No. 62 ("P.'s Opp'n").  Pursuant to Civ. L.R. 7-1(b), the Court finds this matter appropriate for resolution without oral argument.  For the foregoing reasons, Gordon Trucking's motion to dismiss its claims against American International is GRANTED.

## I. BACKGROUND

This dispute arises out of the parties' disagreement concerning insurance obligations resulting from a personal injury accident.  *See* Dkt. No. 1-1, at 7-15.  On May 3, 2007, Drew Bianchi suffered serious injuries in an automobile accident involving, among others, a Gordon Trucking tractor trailer and one of its drivers.  Def.'s Mot. 3.  Bianchi filed a civil lawsuit on or about January 29, 2008 and named Gordon Trucking and the driver of its tractor trailer among the defendants.  *Id.*  Gordon Trucking notified its insurers[1] of the accident and Bianchi's lawsuit sometime in August of 2008.  *See* Def.'s Mot. 4; P.'s Opp'n 2; Def.'s First Reply 4.  This notification also included a promise that Gordon Trucking's outside defense counsel would provide a more detailed report, P.'s Opp'n 2; *see* Dkt. No. 1-1, Ex. A, at 1-2, but Columbia Casualty claims that it never received such a report, P.'s Opp'n 3.

On August 14, 2008, Columbia Casualty responded to Gordon Trucking's communication with a letter.  Dkt. No. 1-1, Ex. B.  In it, a representative of Columbia Casualty wrote:

> [Columbia Casualty] has determined that the nature of the incident alleged by [Bianchi] is unlikely to impact [Columbia Casualty's] excess policy limits should a formal claim or suit be pursued and the matter will be designated "Record Only".
>
> If you, your insurance broker and/or the underlying insurance carrier(s) subsequently obtain any information which indicates that [Bianchi's] injuries may impact [Columbia Casualty's] excess policy limits and/or if the underlying insurance carrier(s) disclaims coverage for this claim or their limits of coverage become eroded or exhausted, please so notify the undersigned immediately.

---

[1] Gordon Trucking maintained auto liability insurance for the 2006-2007 policy year with several insurance carriers.  Def.'s Mot. 4.  Its coverage was structured as follows: Great West Casualty Company covered liability from $500,000 to $5 million; Columbia Casualty covered the next $5 million in liability; American International the next $20 million; and the Fireman's Fund covered any further liability.  *Id.*

2

Case No.: 09-CV-05441-LHK
ORDER GRANTING GORDON TRUCKING INC.'S MOTION TO VOLUNTARILY DISMISS ITS CLAIMS AGAINST AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

*Id.* Columbia Casualty's representative claims that he designated the file "Record Only" because the police report made it clear that a non-Gordon Trucking vehicle had caused the accident and that Gordon Trucking's truck had not impacted Bianchi's vehicle. P.'s Opp'n 2. In any case, Columbia Casualty did not make any further contact with Gordon Trucking or its other insurers. Def.'s Mot. 4.

To defend its interests against Bianchi's suit, Gordon Trucking selected trial counsel, with Great West's approval, Def.'s First Reply 4, and retained additional counsel at American International's request, *id.* at 4. A jury trial in Bianchi's matter began on August 10, 2009 and ended on September 21, 2009 with a verdict for Bianchi in the amount of $49,123,375.87. Def.'s Mot. 4. Prior to this verdict, but after closing arguments, Bianchi and Gordon Trucking entered into a "High/Low Agreement." *Id.*; Dkt. No. 64 ("Def.'s First Reply"), at 4. The Agreement capped Gordon Trucking's exposure at a maximum of $18,000,000 and guaranteed plaintiff a damage payment of at least $1,000,000. Def.'s Mot. 4; Def.'s First Reply 4. In addition, both parties waived their appeal rights. Def.'s Mot. 4. Due to Gordon Trucking's liability for a significant amount of both the economic and non-economic damages, the verdict would have forced Gordon Trucking to pay damages in excess of $31,000,000 without the High/Low Agreement. Dkt. No. 59, at 3-4.

Gordon Trucking notified Columbia Casualty of the jury verdict, of the High/Low Agreement, and of Gordon Trucking's liability on September 24, 2009. Def.'s First Reply 5. At that time, Gordon Trucking informed Columbia Casualty that it bore responsibility for $5 million of the verdict. *Id.* Columbia Casualty represents that neither Gordon Trucking, Gordon Trucking's defense counsel, American International nor American International's counsel informed Columbia Casualty that a trial or settlement negotiations had commenced. P.'s Opp'n 3. At the time it finally learned of the High/Low Agreement, Columbia Casualty denied liability based on its belief that Gordon Trucking's actions constituted a breach of its insuring agreement with Columbia Casualty. *Id.* It sued Gordon Trucking on November 10, 2009 seeking a declaration that it was not responsible for paying any damages resulting from the Bianchi trial. *See* P.'s Opp'n 3; Def.'s Mot.

5. Gordon Trucking subsequently removed the action to federal court, Dkt. No. 1, and filed counterclaims against Columbia Casualty, American International, and Great West Casualty Company, Dkt. Nos. 8, 9.

After commencing this litigation, Gordon Trucking claims to have reached a settlement with American International. Dkt. No. 45 ("Hennessy Decl."), at ¶ 9. Under the terms of this settlement, Gordon Trucking has agreed to dismiss its claims against American International with prejudice and without costs to either party. *Id.* In return, Gordon Trucking will assign to American International the right to pursue its claims against Columbia Casualty. *Id.* In addition, American International will defend the claims that Columbia Casualty has alleged against Gordon Trucking. *Id.* ¶ 10.

According to Gordon Trucking, dismissal of its claims against American International, with prejudice and without costs to either party, will not prejudice Columbia Casualty. *Id.* ¶ 12. Columbia Casualty opposes the dismissal "only as it involves certain equitable claims." P.'s Opp'n 2. It argues that American International should be judicially bound by admissions in its answer to Gordon Trucking's counterclaim. *Id.*

## II. LEGAL STANDARD

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). "This rule applies to a dismissal of any counterclaim, crossclaim, or third-party claim." FED. R. CIV. P. 41(c). "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court . . . ." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted).

"Pursuant to the rule, the Court must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms

4

Case No.: 09-CV-05441-LHK
ORDER GRANTING GORDON TRUCKING INC.'S MOTION TO VOLUNTARILY DISMISS ITS CLAIMS AGAINST AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

and conditions, if any, should be imposed." *Williams v. Peralta Cmty Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005) (citing *Burnette v. Godshall*, 828 F.Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766, 767 (9th Cir. 1995)).

### III. ANALYSIS

#### A. Whether to Allow Dismissal

Several courts have held that a court is without discretion to deny a motion under Rule 41(a)(2) where the plaintiff seeks dismissal with prejudice. *See Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964); *Shepard v. Egan*, 767 F. Supp. 1158, 1165 (D. Mass. 1990); *see also* 8 MOORE'S FEDERAL PRACTICE § 41.40[3] (3d ed. 2010). Nevertheless, when the dismissal does not dispose of the entire litigation, the court should consider the effect of dismissal on other parties to the litigation. *See ITV Direct, Inc. v. Healthy Solutions, LLC*, 445 F.3d 66, 70 (1st Cir. 2006) (holding that on a motion for voluntary dismissal, a third-party intervenor's interests should be considered); *County of Santa Fe v. Pub. Serv. Co. of New Mexico*, 311 F.3d 1031, 1049 (10th Cir. 2002) ("[T]here will be circumstances where granting a plaintiff's motion to dismiss with prejudice may adversely affect the defendant or, more likely, other parties to the litigation. In such situations, a blanket rule that the court must grant the plaintiff's motion would lead to injustice.").

Because the requested dismissal here does not dispose of the entire litigation, the Court will consider not only the effect of dismissal on the remaining parties, but also the effects of whether the dismissal is with or without prejudice. "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (citations omitted). "[L]egal prejudice is just that—prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice." *Id.* at 97. "[I]n determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Id.* "Plain legal prejudice . . . does not result . . . when plaintiff merely gains some tactical advantage." *Hamilton*, 679 F.2d at 145.

5

Case No.: 09-CV-05441-LHK
ORDER GRANTING GORDON TRUCKING INC.'S MOTION TO VOLUNTARILY DISMISS ITS CLAIMS AGAINST AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

Gordon Trucking argues that an order of dismissal is "unquestionably warranted." Def.'s Mot. 6. It represents that a dismissal of its claims against American International will not prejudice Columbia Casualty because Columbia Casualty's claims against Gordon Trucking will remain undisturbed. *Id.* Furthermore, Gordon Trucking argues that a denial of dismissal will unduly prejudice it because it must continue to litigate claims, and pay for litigation, that it no longer wants to pursue. *Id.*

Columbia Casualty argues that it will suffer legal prejudice because dismissal of Gordon Trucking's claims would deny it the use of otherwise incontrovertible judicial admissions. P.'s Opp'n 5. Columbia Casualty rightly points out that even if the Court dismisses Gordon Trucking's claims against American International, American International's claims against Columbia Casualty will remain. P.'s Opp'n 5. According to Columbia Casualty, Gordon Trucking's counterclaim against American International and American International's answer contain judicial admissions relevant to two of American International's claims against Columbia Casualty. *Id.* In paragraph 25 of its December 22, 2009 counterclaim, Gordon Trucking alleged the following:

> [American International] represented to Gordon Trucking that it had either properly coordinated the defense and resolution of the *Bianchi* Action with Gordon Trucking's other insurers or that [American International] itself would pay damages on behalf of Gordon Trucking in excess of $5,000,000 up to the [American International] Policy limit as a result of the *Bianchi* Action. On information and belief, throughout the *Bianchi* Action, [American International] operated under the assumption that it was the first layer excess insurer, excess only to Great West, and made such representations to Gordon Trucking. Gordon Trucking reasonably relied on [American International's] representations to its detriment.

P.'s Opp'n 3-4 (citing Dkt. No. 9, at 15). In its March 1, 2010 answer to Gordon Trucking's counterclaim, which also included cross claims against Columbia Casualty, American International included the following response to paragraph 25:

> Answering paragraph 25, [American International] alleges that through the verdict in the *Bianchi* action, it erroneously believed that it was the first layer excess insurer, excess only to Great West. Except as so alleged [American International] denies the allegations in paragraph 25.

6

Case No.: 09-CV-05441-LHK
ORDER GRANTING GORDON TRUCKING INC.'S MOTION TO VOLUNTARILY DISMISS ITS CLAIMS AGAINST AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

P.'s Opp'n 4 (citing Dkt. No. 28, at 3). Columbia Casualty contends that the Court should consider these as judicial admissions even if the Court dismisses Gordon Trucking's claims against American International.

As an initial matter, it is not clear to the Court why dismissing Gordon Trucking's claims against American International changes the character of any factual assertions that Gordon Trucking and American International made in their counterclaim and answer, respectively. The general principle is that "[j]udicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (quoting *In re Fordson Eng'g Corp.*, 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982)). While American International points out that once "a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission," *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996) (quoting *Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc.*, 32 F.2d 195, 198 (2d Cir. 1929)), it fails to explain how this applies to dismissed pleadings. In *Huey*, the defendant made an admission in its original answer to the plaintiff's complaint. The defendant later, however, amended its answer to deny that admission. The court held that even though the defendant had amended its answer, the admission in its original answer could still be used by the plaintiff to create an additional issue of material fact on a motion for summary judgment. *Id.* In other words, it was the defendant's amendment of its answer that changed the character of its original admission from incontrovertible to disputable.

The situation at hand is different. Here, Gordon Trucking seeks to dismiss its complaint against American International, not amend it. Although the word "withdrawn" read in isolation would appear to cover this situation, the *Huey* court's subsequent use of the word "superseded" makes this interpretation too broad. Presumably, a pleading is not superseded unless another pleading takes its place. Thus, a pleading is withdrawn, as used by the *Huey* court, when a party replaces it with another version. This interpretation accords with the court's statement in *American Title* that "[f]actual assertions in pleadings . . . , *unless amended,* are considered judicial

7

Case No.: 09-CV-05441-LHK
ORDER GRANTING GORDON TRUCKING INC.'S MOTION TO VOLUNTARILY DISMISS ITS CLAIMS AGAINST AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

admissions." 861 F.2d at 226 (citations omitted) (emphasis added). It is also consistent with the principle that "where . . . the amendment only adds allegations, deleting nothing stated in the prior pleadings, admissions made in the prior pleadings continue to have conclusive effect." *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 n.5 (5th Cir. 1983). Furthermore, at least one district court used statements made by a party in unrelated pleadings as judicial admissions. *See e.g.*, *Gradetech, Inc. v. Am. Employers Group*, 2006 WL 1806156, *3 (N.D. Cal. June 29, 2006) (holding that statements made by the defendant in complaints filed against unrelated third-parties constituted judicial admissions); *cf. Longstreet Delicatessen, Fine Wines & Speciality Coffees, L.L.C. v. Jolly*, 2007 WL 2815022, *14 (E.D. Cal. Sept. 25, 2007) (holding that a stipulation of facts entered into by the parties in separate litigation may be judicial admissions).

Nevertheless, it is not necessary for the Court to rule on this matter here. Even accepting as true that Gordon Trucking's counterclaim and American International's answer contained judicial admissions and that those admissions would become inconclusive once Gordon Trucking's claims against American International were dismissed, the Court does not find that Columbia Casualty would suffer legal prejudice as a result of dismissal. First, it is not clear why Gordon Trucking's allegations in paragraph 25 of its counterclaim should be binding as to American International. Although American International did allege in its answer that it erroneously believed through the verdict in the *Bianchi* action that it was the first layer excess insurer, excess only to Great West, it otherwise denied Gordon Trucking's paragraph 25 allegations. *See* Def.'s First Reply 9.

Second, it is still possible, even if they are not judicial admissions, that Columbia Casualty may be able to use the allegations in Gordon Trucking's counterclaim and American International's answer as some evidence of the facts stated. As stated by the court in *Huey*, a withdrawn pleading "still remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible." 82 F.3d at 333 (quoting *Kunglig Jarnvagsstyrelsen*, 32 F.2d at 198). Moreover, American International does not appear to dispute the truth of what it stated in its answer. In its reply brief for this motion, it reiterated that it "erroneously thought that its policy was immediately excess of the Great West $5 million primary

8

Case No.: 09-CV-05441-LHK
ORDER GRANTING GORDON TRUCKING INC.'S MOTION TO VOLUNTARILY DISMISS ITS CLAIMS AGAINST AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY

policy, and although Gordon Trucking had put Columbia on notice of the Bianchi claim in August 2008, it too failed to recall that Columbia was one of its insurers." Def.'s First Reply 5. Such "statements of fact contained in a brief *may* be considered admissions of the party in the discretion of the district court." *American Title*, 861 F.2d at 227.

Third, voluntary dismissal would not affect the claims between either American International and Columbia Casualty or between Gordon Trucking and Columbia Casualty. Dkt. No. 65, at 2. Accordingly, Columbia Casualty can still use traditional discovery methods to seek admissions regarding the facts alleged in paragraph 25 of Gordon Trucking's counterclaim and in American International's response. Def.'s First Reply 11. As of the parties' briefing on this motion, Columbia Casualty had not yet served written discovery or taken depositions. Def.'s Mot. 6.

Because Columbia Casualty will not suffer legal prejudice, the Court finds that Gordon Trucking's claims against American International should be dismissed.

**B. Whether the Dismissal Should Be With or Without Prejudice**

In determining whether dismissal should be with or without prejudice, courts consider the following: "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and (3) insufficient explanation of the need to take a dismissal." *Burnette*, 828 F. Supp. at 1443-44 (quoting *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)) (alterations and quotation marks omitted).

The first factor is relevant because dismissing without prejudice after the defendant has already expended substantial resources in preparation for trial would be unfair. The plaintiff could use what he learned during the litigation, file his claim again, and force the defendant back into litigation. Here, not only is the litigation at a very preliminary stage, Def.'s Mot. 6, but Gordon Trucking wants its claims against American International dismissed with prejudice. By dismissing Gordon Trucking's claims against American International with prejudice, the Court permanently streamlines the case at an early stage, reduces future burdens on the Court related to this litigation, and eliminates American International's need to defend itself against Gordon Trucking's claims. Furthermore, Gordon Trucking offers a more than sufficient explanation for seeking dismissal with

prejudice. Gordon Trucking and American International have settled their dispute. Def.'s Mot. 2. Public policy favors the settlement of claims. Dismissing with prejudice will give both parties the full benefit of their bargain and ensure that neither is forced to unnecessarily spend resources on litigation. These factors, therefore, favor dismissal with prejudice.

### C. What Terms and Conditions Should Be Imposed

As the Ninth Circuit emphasized, "Rule 41 vests the district court with discretion to dismiss an action at the plaintiff's instance 'upon such terms and conditions as the court deems proper.'" *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). Often, the condition sought involves payment of litigation costs. *See e.g., Westlands Water*, 100 F.3d at 97-98; *see generally* 8 MOORE'S FEDERAL PRACTICE § 41.40[10][d][i] (3d ed. 2010). Unlike most opponents to a motion for voluntary dismissal, Columbia Casualty does not seek any payment. Rather, Columbia Casualty seeks to condition the dismissal of Gordon Trucking's claims against American International on a ruling that American International be bound by specific facts contained in Gordon Trucking's counterclaim and American International's answer. As stated *supra* Part III.A, Columbia Casualty will not suffer any legal prejudice regardless of the Court's ruling on this matter. Moreover, Columbia Casualty has not explained why it needs a ruling on this now. For these reasons, the Court does not deem such a condition proper. This ruling does not, however, preclude any party from raising this issue at a later time.

### IV. CONCLUSION

For the foregoing reasons, Gordon Trucking's motion is GRANTED. Pursuant to FED. R. CIV. P. 41(a)(2), Gordon Trucking's counterclaims against American International are DISMISSED with prejudice and without condition.

**IT IS SO ORDERED.**

Dated: November 4, 2010

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

10

Case No.: 09-CV-05441-LHK
ORDER GRANTING GORDON TRUCKING INC.'S MOTION TO VOLUNTARILY DISMISS ITS CLAIMS
AGAINST AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY